could not be said to be negligence, as matter of law.    But when it is coupled, as it is here, with knowledge of the fact that the punch was likely to come down at any time without human agency, then the act of bringing the hand into such a position, I think, was a negligent act; for, as has been observed, the danger was so apparent that no amount of instruction could make it more vivid and plain, and we are not left in doubt of plaintiff's mental condition, for he says he was afraid of it.    Nothing in Van Sickel v. Ilsley, 75 Hun, 537, 27 N. Y. Supp. 1113, conflicts with this view. It does not appear, from the report of that case, that plaintiff had any notice whatever that the machine was defective.    In view of the very serious conflict of the evidence as to the cause of this accident, and the conviction that plaintiff was chargeable with notice of the defect, assuming it existed, I think the judgment appealed from should be reversed, and a new trial ordered; costs to abide the event.

PRATT, J., concurs.

---

### IRVINE v. F. H. PALMER MANUF'G CO.

(Supreme Court, Appellate Division, Second Department.    February 11, 1896.)

MASTER AND SERVANT—NEGLIGENCE OF MASTER—SUFFICIENCY OF EVIDENCE.
 In an action by defendant's employé for injuries caused by a defect in a certain machine on which plaintiff worked, he testified to facts tending to show the defect and the way the injury was inflicted, and he was corroborated by one witness as to a similar accident the day before the injury. Plaintiff's testimony was contradicted on every material point, both as to indications of a defect, and as to a defect in fact.    It was shown that the machine was examined by the manufacturer, and no defect was found. Defendant produced the parts of the machine claimed to be defective, and a model, and established by a practical demonstration that the accident could not happen in the manner described.    Held, that the evidence did not warrant a verdict in plaintiff's favor.

Appeal from circuit court.

Action by Frank Irvine, an infant, by his guardian, against the F. H. Palmer Manufacturing Company, for personal injuries caused by defendant's negligence.    From a judgment entered on the verdict of a jury in favor of plaintiff, and from an order denying its motion for a new trial, defendant appeals.    Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

William C. Beecher, for appellant.
Charles J. Patterson, for respondent.

HATCH, J.    This case differs from the Fox Case (decided at the present term) 37 N. Y. Supp. 316.    In that case the question arose upon the assumption of risk, and contributing negligence of plaintiff.    Here the question arises upon the negligence of the defendant.    The machine is in all respects similar to the machine in the Fox Case, except that it is larger.    It is operated in the same

manner, and the injuries were received in substantially the same way, and, as is claimed, from the same cause. It is claimed by plaintiff that the machine is defective; that it clicked while in operation, which indicated the defect; that he had called the attention of the machinist, whose duty it was to repair the machines, to the fact of its clicking; that the machinist had tightened it up, and told him to go on and use it. Plaintiff was employed on the machine three days. He testified that on the second day the punch came down without pressure on the treadle. On the next day, in the morning, it came down about an inch without pressure on the treadle, and on the afternoon of this day it came down in like manner, without pressure, and inflicted the injury. He is supported by the testimony of one witness respecting the fall of the punch on the second day. There is no controversy over the fact that the master, in the first instance, discharged his full duty, by furnishing a perfect machine; and, if the recovery is to be sustained, it must be upon the ground that defendant is guilty of culpable negligence, in failing to keep the machine in proper repair. The testimony of plaintiff and his witnesses was contradicted upon every material point in the case, both as regards the clicking, as a fact and as evidence of a defect, and also as to any defect in the machine in fact. If this testimony rested simply upon the oral statements of the witnesses, there would be little, if any, doubt that a case was made for the jury. But defendant went further. It is established that the machine had been in use but about a year; that six months prior to the injury the manufacturer of the machine examined it, and found it at the time in a safe condition. Just prior to the trial he again examined it, and found nothing defective. Defendant produced the parts of the machine claimed to be defective, in court, together with a model which showed clearly its mechanism and principle of operation, and the same were exhibited to the court and jury. The inspector of the manufacturer of the machine was called as a witness, and explained its mechanical construction, and principle of operation. No discredit was cast upon this witness, nor are his statements substantially contradicted. From the principle of its construction and operation, it is clear that the punch could not fall a part of the way, and then return to its place. Once the clutch locks the axle to the wheel, the motion must be continuous up and down until it is released, either by throwing the clutch out of position, or shutting off the motive power. No partial automatic motion of the machine could take place. The parts of the machine produced were, in and of themselves, perfect. There was no break, and nothing about them suggested that they were not in the same condition as when first applied to the machine, except a slight wear upon the clutch; but that this did not indicate a defect, or subject its operation to any change tending to make it automatic in movement. The appearance of the parts, the character of construction, and the principle of operation of the machine, all tended to the corroboration of the witness. He was also corroborated by the testimony of Clark, a machinist in defendant's employ, and by Roesrer, a machinist who had formerly been in his

employ. It was further shown, by persons who had operated the machine before and after the injury to plaintiff, that no difficulty had ever been experienced with it, but that it worked as it was expected, and had been in continual use, without repair, since the injury, and since it was first placed in defendant's factory. I am of opinion that this proof must be accepted as sufficiently cogent to overthrow the case made by plaintiff. Its effect is to establish, by a practical demonstration of mechanical construction and principle of operation, that the punch could not fall in the manner described by automatic action. With this demonstrated, the statements of witnesses in contravention thereof must be disregarded; otherwise, oral statements must be held to have more force than the certain action of immutable laws. I have not overlooked, if I have not adverted to, the testimony of William Burke, an expert witness called by plaintiff. He was formerly in the employ of the manufacturer of the machines, and left such employ about eight years ago. He states that the clicking of the machine is caused by the wear down inside of the pulley, and that the clicking indicated that the mandrel or punch is likely to come down without pressure on the treadle; that the wear causes loss of motion. He assigns four specific reasons why the punch is liable to fall: First, by the breaking or wearing off the upper edge of the latch; second, by breaking off or wearing off the surface of the clutch; third, if the hole in the driving wheel is worn too large; fourth, if the wear and tear of the machine are such that the set screws get slack, it will cause a vibration and lateral motion, and let the punch down of its own weight. It is evident from this testimony that very much of it relates to possibilities, and has no practical bearing upon the real issue in the case. There was no evidence whatever that any of the conditions existed which he assigns in his third and fourth reasons. As to the first and second, there was no evidence of any breaking. Indeed, the evidence was that it was not broken. It therefore comes to the proposition, was there any evidence of a wearing of either latch or clutch sufficient to cause an automatic fall? Upon this point he was finally recalled, and says that the bar was worn from coming in contact with the clutch. This is the first time that any person had spoken of the wearing of the bar. Prior to this, it was the clutch or latch that wore. And, as his final statement, he gives it as his opinion that, because the bar has not worn uniformly, it accounts for the click, and constitutes a defect. This evidence finally leaves the case to stand upon the question of the wear on one side of this bar as sufficient to carry the case to the jury. I think it insufficient, in view of the other testimony in the case. It is not a fact that is here testified to, but simply an opinion. The instrument is produced, and all the witnesses who were called to speak upon the subject made no mention of it as constituting a defect. Burke himself made no mention of it when first called, and the piece is produced for the court's inspection, and shows scarcely a perceptible wear. Giving it full force, it amounts to no more than a scintilla of proof, which has long since been disregarded by the courts. I think, as matter of law, that defendant has fairly met

the case of plaintiff, and established facts which do not warrant the inference of negligence in the respects claimed. Nothing in Van Sickel v. Ilsley, 75 Hun, 538, 27 N. Y. Supp. 1113, and Hayes v. Manufacturing Co., 41 Hun, 407, conflicts with this conclusion. The first was decided upon conflicting testimony. The second involved a disobedience of rules, and contributory negligence.

It follows that the judgment and order appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.